# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ANTHONY ELLIS, JR., | : | |
| Plaintiff, | : | Case No. 3:15cv00433 |
| vs. | : | District Judge Walter Herbert Rice<br>Chief Magistrate Judge Sharon L. Ovington |
| CITY OF TROTWOOD, et al., | : | |
| Defendants. | : | |

# REPORT AND RECOMMENDATIONS[1]

## I.     Introduction

Plaintiff Anthony Ellis, Jr. bring this case pro se claiming that one or more of the named defendants have engaged in racial hate crimes, housing discrimination, writing false legal notices concerning violations of state codes, ethnic intimidation, and federal hate crimes.  He seeks to hold each Defendant liable for damages apparently totaling (all Defendants combined) two million dollars.

The Court previously granted Plaintiff's Application to Proceed *in forma pauperis* under 28 U.S.C. §1915.  The case is presently before the Court upon Defendant Michael Wright's Motion to Dismiss (Doc. #4), to which Plaintiff has not responded, and for an

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

initial review to determine whether his complaint, or any portion of it, must be dismissed because it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against an immune defendant. *See* 28 U.S.C. §1915(e)(2); *see, e.g., Anson v. Corr. Corp. of Am.*, 529 Fed. App'x 558, 559-60 (6th Cir. 2013). "A complaint is frivolous only if the plaintiff fails to present a claim with 'an arguable basis either in law or in fact.'" *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting, in part, *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)). A complaint lacks an arguable legal basis when it presents "indisputably meritless" legal theories – for example, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *See Neitzke,* 490 U.S. at 327-28; *see also Brand,* 526 F.3d at 923. A complaint lacks arguable facts when its allegations are "fantastic or delusional." *Brand,* 526 F.3d at 923 (quoting *Neitzke,* 490 U.S. at 327-28); *see Lawler v. Marshall,* 898 F.2d 1196, 1199 (6th Cir. 1990).

*Sua sponte* review also requires dismissal of an *in forma pauperis* complaint, or any portion of it, that fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To state such a claim, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting, in part, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678.

**II.     Discussion**

Before addressing the problems in Plaintiff's complaint, it should be noted that his complaint does not raise fantastic or delusional facts; it instead raises allegations against existing entities and various people. It is therefore not subject to dismissal as factually frivolous. *See Jones v. Schmaker*, 1999 WL 1252870 at *1 (6th Cir. 1999) ("Examples of claims lacking rational facts include a prisoner's assertion that Robin Hood and his Merry Men deprived prisoners any access to legal texts. (citing *Lawler*, 898 F. 2d at 1198-99)); *cf. Iqbal*, 556 U.S. at 696 (Souter, J., dissenting) (courts need not accept as true "allegations that are sufficiently fantastic to deny reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel.").

Accepting Plaintiff's allegations as true and liberally construing his Complaint in his favor fails to reveal sufficiently specific factual matter to raise a reasonable inference that any defendant is liable to him for racial intimidation or discrimination, housing discrimination, acts constituting federal hate crimes, or any other legal claim he seeks to identify. "[T]he general rule that the court must accept as true all allegations in the complaint 'is inapplicable to legal conclusions.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 6th Cir. 2011) (citation omitted). It is not enough, therefore, for Plaintiff to name violations of the law, such as racial discrimination, housing discrimination, or hate crimes. Because his complaint does not go beyond such "labels and conclusions," *Iqbal*, 556 U.S. at 678, it fails to raise a plausible claim against

3

defendants, including his claim that "Michael Wright assisted all other defendants in the process of ethnic intimidation, housing discrimination, and federal hate crimes." (Doc. #3, *PageID* #16); *see Iqbal*, 556 U.S. at 678 (to raise plausible claim, complaint must go beyond "unadorned, the-defendant-unlawfully-harmed-me accusations ...."). This is true not only of the claims the complaint labels, but also as to conspiracy claims the complaint may be seeking to raise against Michael Wright and other defendants.[2] *See Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 563 (6th Cir. 2011) ("[i]t is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983.").

     Construing Plaintiff's complaint liberally in his favor, he might seek to raise a claim under 42 U.S.C. §1983 against the City of Trotwood. But, the complaint does not allege facts sufficient to raise a reasonable inference that the City of Trotwood had a policy or custom that caused a violation of his constitutional rights. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978); *see also Ford v. Cty. of Grand Traverse*, 535 F.3d 483, 495 (6th Cir. 2008). Plaintiff also apparently seeks to raise some claims based on events that began to occur in November 2011. To the extent those claims arise in Ohio under §1983 and are more than two years old, they are barred by the

---

[2] Wright attaches his affidavit to his Rule 12(b)(6) Motion. This raises the possibility that his Motion must be converted to one for Summary Judgment with notice to Plaintiff. *See* Fed. R. Civ. P. 12(d). This is unnecessary, however, because the Complaint's pleading insufficiencies are wholly independent of the matters in Wright's affidavit, and Wright's affidavit has not been considered in analyzing the facial plausibility of Plaintiff's claims.

applicable statute of limitations. *See Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (en banc).

Plaintiff's assertion that defendants committed federal hate crimes fails to raise a plausible claim because the Executive Branch of the U.S. Government prosecutes such claims, rather than private citizens. *See Westfall v. Plummer,* No. 2:10cv813, 2010 WL 4318586, at *2 (S.D. Ohio Oct. 25, 2010) (and cases cited therein) ("the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case. Private citizens may not do so; 'a private citizen[ ] has no standing to initiate federal criminal prosecution ....'").

Plaintiff's complaint also appears to concern his home or real property, and he alleges that certain defendants owe him rent for their use of his property to keep their dogs. At most such claims arise under Ohio contract law. In the absence of a federal claim, exercise of supplemental jurisdiction over these or other state claims is unwarranted. *See Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996).

Accordingly, for the above reasons, Plaintiff's complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's complaint be DISMISSED pursuant to 28 U.S.C. §1915(e)(2);

2. Michael Wright's Motion to Dismiss (Doc. #4) be DENIED as moot;

3. The Court certify under 28 U.S.C. §1915(a)(3) that Plaintiff's appeal, if any, would not be taken in good faith; and

4. The case be terminated on the docket of this Court.

February 23, 2016

                                          s/Sharon L. Ovington
                                                Sharon L. Ovington
                                 Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).